Jose YURIAR, Petitioner—Appellant,

v.

ATTORNEY GENERAL OF THE STATE OF CALIFORNIA; K.W. Prunty, Respondents—Appellees.

No. 00–56301.

D.C. No. CV–97–05951–CBM (R2).

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2001.*

Decided May 11, 2001.

Before RYMER, HAWKINS, and GOULD, Circuit Judges.

MEMORANDUM **

Petitioner Jose Yuriar ("Yuriar") appeals the district court's denial of his habe-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-

cation and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

as corpus petition. Yuriar's petition raises a constitutional challenge to his state court conviction, following a jury trial, of attempted robbery and murder of an undercover police officer.

Because we deal here with a habeas petition seeking review of a state court judgment, the scope of our review is limited. In this context, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that for a federal court to grant a habeas petition, the state court must have incorrectly and unreasonably applied "clearly established Federal law, as determined by the Supreme Court of the United States," or must have made an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Also, in evaluating the issue of discriminatory intent, we are mindful that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

■ Yuriar alleges that the trial court erroneously denied his *Wheeler*[1] motion because it failed to evaluate the prosecutor's reasons for the peremptory challenges and failed to make a specific finding regarding whether the peremptory challenges were race neutral. *Batson v. Kentucky*, 476 U.S. 79, 96–97, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (holding that we must apply a three-step process for evaluating claims of race discrimination during jury selection); *see also People v. Wheeler*, 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748, 765 (Cal.1978). The third step[2] of the *Batson* test is at issue.

■ We start with the rule that "[n]either *Batson* nor its progeny requires that the trial judge make specific findings, beyond ruling on the objection." *United States v. Gillam*, 167 F.3d 1273, 1278 (9th Cir.), *cert. denied*, 528 U.S. 900, 120 S.Ct. 235, 145 L.Ed.2d 197 (1999) (citation omitted). A trial court's denial of a *Batson* objection after a prosecutor's explanation of the reasons for the peremptory challenges is an implicit finding that the prosecutor lacked discriminatory intent. *See Purkett v. Elem*, 514 U.S. 765, 768–69, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995).

■ Here, after listening to the prosecutor's arguments, the trial court said that it was not prepared to dismiss the current jury panel and denied Yuriar's *Wheeler* motion. Implicit in the trial court's refusal to dismiss the jury was its finding that the prosecutor exercised no discriminatory intent. *See Purkett*, 514 U.S. at 768–69, 115 S.Ct. 1769. Nothing presented by petitioner is sufficient to overcome the presumption that the state court's finding was correct. Because the trial court ruled on Yuriar's *Wheeler* motion and its ruling was consistent with and reasonably applied Supreme Court law, and the trial court reasonably determined the facts in light of the evidence presented, the third step of *Batson* was satisfied.

AFFIRMED.

---

1. In California, a *Wheeler* motion is the procedural equivalent of a federal *Batson* challenge. *McClain v. Prunty*, 217 F.3d 1209, 1216 n. 2 (9th Cir.2000).

2. Yuriar concedes that the prosecutor offered facially race-neutral reasons for the challenges.